**DAVID MOHAN SINGH and RAMDOOLARIE MOHAN SINGH, et al., Plaintiffs**

**v.**

**LOUIS AUGUST and ERALD JAMES, Defendants**

Civil No. 365-1970

District Court of the Virgin Islands

Div. of St. Croix

April 10, 1973

---

497

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

J. MICHAEL SPENCER, ESQ., Frederiksted, St. Croix, V.I., *for defendants*

YOUNG, *Judge*

## MEMORANDUM OPINION AND ORDER

A hearing was held on plaintiff's interesting and extraordinary motion. He moved this Court for an Order to change the caption by substituting the name "Mathew Auguste" for "Louis August" as party defendant and for an Order to eliminate the "normal necessity for service of summons and complaint by the U.S. Marshal upon the defendant, Mathew Auguste."

In the course of the hearing on the motion, certain facts came to my attention which flagged plaintiff's motion as being of more than routine significance. Out of caution, if not curiosity, I took the matter under advisement

to study the record and to become fully advised in all the premises.

In June, 1970, the two female plaintiffs were in a motor vehicle operated by a certain Andre Navarro. They were driving on Centerline Road near Grove Place. It is alleged in the complaint that the driver stopped and pulled off to the shoulder of the highway. About "five minutes later," defendant Louis August, operating a Ford, negligently crashed into the back of Navarro's car. The Ford was owned by defendant Erald James and was alleged to have been operated by "Louis August" with his [James'] permission and on his behalf. Both female passengers were injured as a result of which one had a miscarriage and the other, a premature birth of a child. The female plaintiffs are suing for personal injuries and their husbands join in the action for loss of consortium. The complaint was filed October 27, 1970.

A deputy U.S. Marshal attempted to serve process on both defendants. Once in October; three times in November and once in December, 1970. The deputy then filed a Return on May 28, 1971, stating that after due and diligent search he was unable to locate the said defendants. About a year later, plaintiff requested and was granted leave to have process served by a private process server. Defendant James was finally served with process by the private process server on June 9, 1972.

Defendant James filed his Answer on July 11, 1972. In his Answer, defendant James denied that Louis August operated James' Ford on June 14, 1970, and denied that said vehicle was operated by Louis August with defendant James' permission or on his behalf.

■ Service on defendant Louis August was then purportedly made on August 15, 1972, by substituted service on the Lieutenant Governor as his statutory agent, pursuant to 20 V.I.C. § 543. However, this service was inef-

499

fectual for the reason that Louis August was a resident of St. Croix and did not depart from the Virgin Islands after the accident. Further, plaintiff failed to comply with all the requisites of substituted service upon the Lieutenant Governor.

At a deposition taken by plaintiff on February 13, 1973, plaintiff apparently learned for the first time that he had named the wrong party as a defendant in the action. The actual operator of James' Ford was Mathew Auguste and not Louis August. Plaintiff's counsel then asked the counsel for defendant James if he would stipulate that the papers in this case be amended as to the first name. This request was refused.

The explanation for the confusion in names seems to be this: The policemen who investigated the accident erroneously named the operator of the Ford as Augustine Lewis. The actual operator of the Ford, Mathew Auguste, just prior to or while being driven to the hospital for emergency care, gave the investigating officer the name of Louis August as the next of kin to be notified. The officer not only reversed the given and surname, but listed him on the traffic violation ticket as the operator of the Ford. Louis August is a cousin of Mathew Auguste and lives in the same yard. When Mathew discovered the error on the traffic ticket, he immediately went to the police to change the name on the ticket to his rightful name. This was done on a revised ticket dated June 24, 1970. The hearing in the Municipal Court on the traffic violation charge against Mathew Auguste was held July 13, 1970. The proceeding was conducted with the name of the defendant as Mathew Auguste. The Municipal Court file shows the name correctly.

From the recital of the above facts, the real reason for plaintiff's extraordinary motion is transparent. Suit was brought against the wrong man. This error was not discovered until after the expiration of the two year stat-

ute of limitations. If the error were to be corrected by a simple substitution of names and a dispensing with personal service (plaintiff's lawyer did hand a copy of the complaint and summons to Mathew Auguste on February 13, 1973), then there would be no trouble with the running of the statutory period. As some would say—it is a neat solution, if it works. However, I do not think it works. Had it been just a misspelling of a name, there might be some justification for an Order correcting same. But here there was an actual "Louis August" who lives in the same residential yard as Mathew Auguste. Mathew Auguste has never been served with process. In February of 1973 he was handed a copy of the complaint naming Louis August as a defendant. This cannot be considered as service of process. There is no provision in the Rules that would permit a substitution of names for a substitution of parties. I must deny plaintiff's motion.

## ORDER

For the reasons set forth in the foregoing Memorandum, plaintiff's motion to substitute party defendants and to dispense with personal service on the substituted defendant is hereby denied.